| |
|:---:|
| **CWCaptial Cobalt VR Ltd. v CWCapital Invs. LLC** |
| 2024 NY Slip Op 34514(U) |
| December 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653277/2018 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------X

CWCAPITAL COBALT VR LTD.,

Plaintiff,

- v -

CWCAPITAL INVESTMENTS LLC and CWCAPITAL
ASSET MANAGEMENT LLC,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653277/2018 |
| MOTION DATE | - |
| MOTION SEQ. NO. | 035 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 035) 1508, 1509, 1510, 1511, 1512, 1513, 1514, 1515, 1531, 1532

were read on this motion to/for                                    SEAL                                    .

In motion sequence number 035, nonparty Sculptor Capital Management, Inc.

(Sculptor) moves pursuant to the Uniform Rules of the New York State Trial Courts (22

NYCRR) § 216.1 to seal the following documents:

1. Och-Ziff Presentation re: Purchase Option Case (NYSCEF Doc. No. [NYSCEF] 612 and 1514)

2. OZ A2 note litigation investment memo overview (NYSCEF 722 and 1514)

3. OZ A2 note litigation investment memo (NYSCEF 723 and 1514)

4. OZ 2016 A2 note purchase presentation (NYSCEF 664 and 1514)

5. Email thread re: Fortress A2 note valuation (NYSCEF 681 and 1514)

6. Emails between Och-Ziff and Quinn Emanuel (NYSCEF 1253 and 1514)

7. StuyTown amended and restated agreement (NYSCEF 870 and 1514)

8. Indemnification agreement dated November 28, 2017 (NYSCEF 935 and 1514)

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No.  035

Page 1 of 5

1 of 5

[* 1]

9. Amended and restated co-lender agreement (NYSCEF 992 and 1514)

10. LNR indenture dated August 8, 2005 (NYSCEF 1003 and 1514)

11. LNR indenture dated March 2, 2006 (NYSCEF 1004 and 1514)

12. LNR indenture dated March 15, 2007 (NYSCEF 1005 and 1514)

13. Final offering memorandum (NYSCEF 1007 and 1514)

14. Akhil Mago's deposition transcript (NYSCEF 1116; 1514 and 1515)

15. Offering Circular dated May 6, 2005 (NYSCEF 1167 and 1514)

16. Offering memorandum of LNR CDO III (NYSCEF 1169 and 1514)

17. Offering memorandum of CWCapital Cobalt (NYSCEF 1218 and 1514)

18. Email thread between Och-Ziff and C-III (NYSCEF 1244 and 1514)

19. Exhibits requesting redactions listed in paragraph 4 of Barone's affirmation

(NYSCEF 1512)[1]

The motion is unopposed. There is no indication that the press or public have an

interest in this matter.

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal

documents upon a written finding of good cause. It provides:

"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

---

[1] A redacted copy is filed at NYSCEF 1513. However, it is filed under seal, and thus, the document will be unsealed.

**653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC**                **Page 2 of 5**
**Motion No.  035**

[* 2]

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Id.* at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab, Ltd. v Chemical Works of Gedeon Richter*, Ltd., 274 AD2d 1, 8 [1st Dept 2000] [internal quotations omitted].)

*Nonparty financial information*

Sculptor has demonstrated good cause to seal NYSCEF 664, 612, 722, 723, 664, 666, 870, 935, 1003, 1004, 992, 1005, 1007, 1167, and 1169 which contain nonparty financial information. Courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (See *Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.*, 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].) Here, disclosure of Sculptor's financial information would impair its privacy rights. Accordingly, these documents shall be sealed.

*Sensitive commercial information*

Sculptor has demonstrated good cause to seal NYSCEF 1253, 1116, 1515, 1218, 1244, and 1514. Courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Here, disclosure of Sculptor's strategic business analyses would

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No. 035

Page 3 of 5

3 of 5

threaten its competitive advantage.  Accordingly, these documents shall be sealed/redacted.

Accordingly, it is

ORDERED that motion sequence 027 is granted, and the County Clerk, upon service of this order, shall seal NYSCEF 664; 612; 722; 723; 664; 666; 870; 935; 1003; 1004; 992; 1005; 1007; 1167; 1169; 1253; 1116; 1515; 1218; 1244 and 1514; and it is further

ORDERED that County Clerk is directed to unseal NYSCEF 1513; and it is further

ORDERED that movant serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

**653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC**
**Motion No.  035**

Page 4 of 5

4 of 5

ORDERED that this order does not authorize sealing or redacting for purposes of

trial or other court proceedings on the record, e.g., arguments on motions.

2024122163151AMASLEYF65F30E07A64707AD6B17CA53ED2378

| | | |
|---|---|---|
| **12/21/2024** | | |
| **DATE** | | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC            Page 5 of 5
Motion No.  035

[* 5]